## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Jesse Allen King      :

   v.

Commonwealth of Virginia

March 18, 1998

Case No. CL98-106

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this case, an habitual offender has petitioned the court for restoration of his operator's license less than five years after he was declared an habitual offender, but he claims credit for a preadjudication period commencing September 3, 1992.

### Facts

The petitioner, King, was adjudged an habitual offender by the Commissioner of DMV on May 20, 1996. The adjudication was based on three DWI convictions.

As a result of King's third DWI conviction on September 3, 1992, his license was suspended for three years. Since then, King has had no operator's license.

King filed this petition on February 27, 1998, seeking full restoration of his driving privileges. The court conducted a hearing on March 16, 1998, and took the matter under advisement.

### Decision

A person may be declared an habitual offender by a court or DMV, pursuant to prescribed procedures, when he has accumulated three or more convictions of offenses listed in Virginia Code § 46.2-351. Thereafter, he is

prohibited from driving a motor vehicle for a period of ten years and until his license is restored by a court. Virginia Code § 46.2-356.

Nevertheless, under certain circumstances, an habitual offender can petition the court for restoration of his driving privilege within the ten-year period. Relevant to this case, § 46.2-360 governs the rights and procedures applicable to an early restoration.

Pursuant to § 46.2-360(1), a person who has been found to be an habitual offender where the adjudication is based upon DWI convictions may petition the court for restoration of license "provided that five years have elapsed from the date of the [habitual offender adjudication] order ....." In King's case, that five-year period elapses on May 20, 2001.

However, the statute also provides:

> In the computation of the [five-year period] ... such person shall be given credit for any period his driver's license was administratively revoked under § 46.2-391 prior to the ... habitual offender determination.

King relies on this proviso. He acknowledges that five years have not elapsed since his habitual offender adjudication, but he contends that he is entitled to credit for the preadjudication period commencing September 3, 1992.

The court agrees with King that he is entitled to the preadjudication three-year period during which his license was suspended on September 3, 1992, under § 46.2-391(A). Giving him credit for that three-year period would entitle him to petition for full restoration on May 20, 1998.

But King's argument goes further. He says that after his license was suspended on September 3, 1992, he never got it back, so he should get credit for *all* time since September 3, 1992, which would constitute more than five years. The argument is without merit.

When King's license was suspended under § 46.2-391(A) on September 3, 1992, the period of suspension expired on September 2, 1995. If he was without a license between September 3, 1995, and May 20, 1996, when he was adjudged an habitual offender, it had nothing to do with the § 46.2-391(A) suspension. From the DMV transcript made a part of the record in this case, it appears that his license was suspended in 1995 for failure to pay fines associated with conviction of a non-traffic offense in the Stafford County General District Court. Or, of course, he may not have had a license during parts of that period simply because he did not apply for reissuance at a DMV office and pay the reinstatement fee.

Therefore, the court is of the opinion that the proper method of calculating the preadjudication period for which King is entitled to credit under § 46.2-360 is to calculate the five-year period from the habitual offender adjudication date and then deduct *three years* — the period of suspension — from the product of that calculation. In this case, the result is May 20, 1998.

As counsel for King noted at the March 16th hearing, King is nonetheless entitled to consideration for a restricted license under § 46.2-360(2). The court agrees. Because ASAP has recommended restoration, and the Commonwealth has no objection, the court will issue a six-month restricted license to King, allowing him to drive between his residence at 10 Richland Drive in Stafford County, Virginia,[1] and his employment at Exposaic in Spotsylvania County, Virginia, between the hours of 6:00 a.m. and 7:00 p.m., Monday through Saturday; and to and from the ASAP offices for such supervision as ASAP may wish to impose, as required by statute. The clerk is directed to complete the appropriate order and "green sheet," and King may pick up copies of those papers after first ascertaining from the clerk's office that they have been signed.

After May 20, 1998, and before the expiration of the six-month period, King may re-petition for full restoration without a new referral to ASAP.

---

[1] At the time King filed this petition for restoration, he was a resident of Spotsylvania County. Thus, this court has jurisdiction to adjudicate the matter.